1  Matthew R. Bainer, Esq. (S.B. #220972)
   Molly A. DeSario, Esq. (S.B. #230763)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile:  (510) 891-7030
   Email:  mbainer@scalaw.com
5  Email:  mdesario@scalaw.com
   Web:  www.scalaw.com
6
7  Attorneys for Representative Plaintiff
   and the Plaintiff Classes
8
9              **UNITED STATES DISTRICT COURT**
10             **NORTHERN DISTRICT OF CALIFORNIA**
11

12  EDWARD MUSGRAVE, individually,    )   **Case No.**
    and on behalf of all others similarly )
13  situated,                          )
                                       )   **CLASS ACTION**
14               Plaintiff,            )
                                       )   **COMPLAINT FOR DAMAGES,**
15  vs.                                )   **INJUNCTIVE RELIEF, AND RESTITUTION**
                                       )
16  MARIE CALLENDER PIE SHOPS,         )
    INC., MARIE CALLENDER'S            )
17  GOURMET PRODUCTS                   )
    DIVISION/ICC, and CONAGRA          )   **[Jury Trial Demanded]**
18  FOODS RDM, INC.,                   )
                                       )
19               Defendants.           )
    _____   )
20
21  Representative Plaintiff alleges as follows:
22                    **INTRODUCTION**
23      1.      This is a class action brought by Representative Plaintiff for himself and on behalf of a
24  national class of consumers who have purchased food products made by defendants Marie Callender
25  Pie Shops, Inc., Marie Callender's Gourmet Products Division/ICC, and ConAgra Foods RDM, Inc.
26  ("Defendants" and/or "Marie Callender's") that were falsely and misleadingly advertised, marketed,
27  and labeled as "all natural" but which, in fact, contained one or more synthetic ingredients.
28  ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

2.      Representative Plaintiff, on behalf of himself and persons who purchased these products from retail store locations in the United States at any time during the applicable limitations period (hereinafter referred to as the "class members" and/or, dependent on the Claim for Relief, one or both of the "classes") seek damages, interest thereon, reasonable attorneys' fees and costs, injunctive, restitution, other equitable relief, and disgorgement of all benefits Defendants have enjoyed from their unlawful and/or deceptive business practices, as detailed herein.

3.      Representative Plaintiff asserts that Defendants knowingly engaged in the unfair, unlawful, deceptive, and fraudulent practice of describing and falsely advertising certain products as "all natural" when, in fact, they contain the synthetic substance Sodium Acid Pyrophosphate. Those products labeled as "all natural," but which contain Sodium Acid Pyrophosphate (also known as disodium dihydrogen pyrophosphate), for purposes of this Complaint, are collectively referred to as the "All Natural Products" or, simply, the "Products." Those Products are listed and/or otherwise shown in Attachment "A" hereto, and are:

- Marie Callender's Original Corn Bread Mix
- Marie Callender's Corn Bread Muffin Mix
- Marie Callender's All Purpose Biscuit Mix
- Marie Callender's Sweet Potato Muffin Mix
- Marie Callender's Honey Butter Corn Bread and Muffin Mix
- Marie Callender's Multigrain Muffin Mix

4.      Defendants' advertising/labeling of these Products as "all natural" is false, dishonest and intended to induce consumers to purchase these Products, at a premium price, while ultimately failing to meet consumer expectations. Defendants know reasonable consumers must and do rely on Defendants to honestly report the nature of their Products' ingredients, insofar as consumers lack the ability to test or independently ascertain the accuracy of a food product's label, especially at the point of sale. Indeed, in this instance, Defendants played on consumer ignorance to fraudulently generate substantial profits and engender unfair competition between themselves and competitor companies that, unlike Defendants, behave responsibly and honestly toward their customers.

5.      Representative Plaintiff brings this action both on his own behalf and on behalf of the classes he seeks to represent to redress Defendants' deceptive, misleading and untrue advertising,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

and unlawful, unfair and fraudulent business acts and practices related to the manufacture, marketing, advertising, sale and/or distribution of the All Natural Products listed above.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. § 1331 (controversy arising under United States law). Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

7.      Venue is proper in this Court under 28 U.S.C. § 1391 because the events that give rise to Representative Plaintiff's claims took place within the Northern District of California and because Defendants sell and distribute the Products in this Judicial District.

## PLAINTIFF

8.      Edward Musgrave is an adult individual and resident of Concord, California. Edward Musgrave is referred to in this Complaint as the "Representative Plaintiff."

9.      During the relevant time period, Representative Plaintiff purchased and consumed one or more of Defendants' Products.

10.     Representative Plaintiff is, and throughout the entire class period asserted herein has been, very concerned about consuming foods that are not natural, such as foods using synthetic or artificial chemical ingredients, and tries to avoid consuming same. For this reason, Representative Plaintiff is willing to and has paid a premium for foods that are considered "all natural" and has refrained from buying their counterparts that were not "all natural." Based on the "all natural" representation on Defendants' Product labels, Representative Plaintiff and members of both classes reasonably believed the Products they purchased were "all natural" and relied on this representation in making the purchases thereof.

11.     Specifically, in the past three years, Representative Plaintiff purchased items such as Marie Callender's Original Corn Bread Mix and Marie Callender's Honey Butter Corn Bread Mix at least 18 times after reading and relying on the truthfulness of labels that promised that these Products were "all natural." Representative Plaintiff saw and relied on these representations each time he

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

purchased the Products. These representations were some of the reasons for Representative Plaintiff's purchases and he consistently relied on the truthfulness of the "all natural" representations when making these purchases. Representative Plaintiff purchased the Products from Safeway in Concord, Lucky's in Concord, FoodMax in Concord, Lucky's in San Ramon and Safeway in Dublin, California.

12. Representative Plaintiff not only purchased the Products because their labels said they were "all natural," but paid more money for the Products than he would have paid for other similar products that were not all natural (i.e., products that admittedly contained man-made, synthetic ingredients).

13. Had Representative Plaintiff known the truth that Defendants' Products were not "all natural," he would not have purchased Defendants' Products but would have purchased other brands of food products that were truly "all natural" or, if such alternatives were not available, would have purchased other non-natural food products that were less expensive than Defendants' All Natural Products.

14. Representative Plaintiff is a "consumer" and "real party in interest," as required to bring this action, and as set out in California Civil Code § 1780(a). Moreover, Representative Plaintiff suffered damages and injury as a result of Defendants' conduct, as alleged herein.

15. As used throughout this Complaint, the term "class members" and/or one or both of the "classes" refers to the Representative Plaintiff as well as each and every person eligible for membership in one or more of the classes of persons, as further described and defined herein.

16. At all times herein relevant, Representative Plaintiff was and is a person within both classes of persons, as further described and defined herein.

17. Representative Plaintiff brings this action on behalf of himself, individually, and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

///

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**DEFENDANTS**

18.     At all times herein relevant, Marie Callender's Pie Shops, Inc. is a Delaware Corporation with its principal executive offices located in Vernon, California. Upon information and belief, this Defendant advertises, markets, sells and distributes the All Natural Products throughout the United States, including in this Judicial District.

19.     At all times herein relevant, Marie Callender's Gourmet Products Division/ICC is a California Corporation with its principal executive offices located in San Jose, California. Upon information and belief, this Defendant advertises, markets, sells and distributes the All Natural Products throughout the United States, including in this Judicial District.

20.     At all times herein relevant, ConAgra Foods RDM, Inc. is a Delaware Corporation with its principal executive offices located in Omaha, Nebraska. Upon information and belief, this Defendant advertises, markets, sells and distributes the All Natural Products throughout the United States, including in this Judicial District.

**CLASS ACTION ALLEGATIONS**

21.     Representative Plaintiff brings this action on behalf of himself and as a class action on behalf of the following classes:

The "California Class":
All residents of California who, on or after May 1, 2010, purchased Marie Callender's food products that were labeled "all natural," yet contained Sodium Acid Pyrophosphate (aka, disodium dihydrogen pyrophosphate).

The "National Class":
All residents of the United States of America who, on or after May 1, 2010, purchased Marie Callender's food products that were labeled "all natural," yet contained Sodium Acid Pyrophosphate (aka, disodium dihydrogen pyrophosphate).

22.     Defendants and their officers and directors are excluded from each of the classes.

23.     This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

a.     Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of each of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of class members in either class is in the tens of thousands of individuals. Membership in the classes will be determined by analysis of point of sale, electronic-mail and/or other transactional information, among other records maintained by Defendants and/or entities affiliated therewith.

b.     Commonality: The Representative Plaintiff and the members of both classes share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

1)     Whether Defendants' advertising of the Products was false, deceptive, and/or misleading;

2)     Whether Defendants knew or should have known that representing the Products as being "all natural" was false advertising thereof;

3)     Whether Defendants intentionally or negligently misrepresented, concealed or omitted a material fact regarding the true characteristics of the Products;

4)     Whether Defendants violated California Business and Professions Code § 17500, *et seq.* by engaging in misleading and/or deceptive advertising;

5)     Whether Defendants violated California Civil Code § 1750 and/or 1770, *et seq.* by representing that the Products had/has characteristics, uses and/or benefits which they do/did not have, and/or representing that these Products were and are of a particular standard, quality or grade, when they were not;

6)     Whether Defendants violated California Business and Professions Code § 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices;

7)     Whether Defendants' misrepresentations, concealment and/or failures to disclose material fact(s) regarding the "all natural" characteristics of the Products is a breach of contract;

8)     Whether injunctive, corrective and/or declaratory relief is appropriate;

9)   Whether Defendants' conduct rises to the level sufficient to warrant an award of punitive damages.

c.   <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of the members of each of the classes. Representative Plaintiff and all members of each of the classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.   <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of each of the classes in that the Representative Plaintiff has the same interest in the litigation of this case as the members of both classes, is committed to vigorous prosecution of this case and has retained competent counsel who is experienced in prosecuting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other class members or the classes in their entirety. The Representative Plaintiff anticipates no management difficulties in this litigation.

e.   <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of each of the classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of each of the classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

24.   This action is also certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(l) and/or 23(b)(2).

25.   Representative Plaintiff reserves the right to establish sub-classes as appropriate and to amend the class definitions if discovery and further investigation reveal that the definitions should be expanded or otherwise modified.

## COMMON FACTUAL ALLEGATIONS

26.   Defendants created their "all-natural" gourmet product line specifically for people seeking high-quality food made with natural ingredients. *See* https://www.facebook.com/pages/

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1    Marie-Callenders-Gourmet-Products/365051958737?id=365051958737&sk=info.

2       27.    As part of their broad-based social media advertising efforts, Defendants maintain a

3 Facebook page, Pinterest page, Google + page, YouTube page, Twitter page, Tumblr blog, and

4 Vimeo page for their all natural products. Among other enticements, these pages are loaded with

5 contests, recipes, customer reviews and baking tips. https://www.facebook.com/pages/Marie-

6 Callenders-Gourmet-Products/365051958737;      http://www.pinterest.com/mccornbread360/;

7 https://plus.google.com/+Mccornbread/ posts; https://www.youtube.com/user/mccornbreaddotcom;

8 https://twitter.com/MC_Cornbread;      http://mariecallendersgourmetproducts.tumblr.com/;

9 http://vimeo.com/user8691727. As of April 23, 2014, Marie Callender's Facebook page showed a

10 total of 6,914 "likes" (a social media expression for positive approval of a page, posting, or

11 comment), illustrating the reach of Marie Callender's mass media advertising efforts.

12 https://www.facebook.com/MarieCallendersMeals.

13       28.    Marie Callender's also promotes its "all natural" products with a blog flush with

14 recipes and topical food discussions. As of April 23, 2014, Marie Callender's blog included 41

15 different    articles    and    recipes    regarding    its    "all    natural"    cornbread    mix.

16 https://mccornbread.com/category/corn-bread-mix/.

17       29.    To further increase brand awareness and product consumption, Defendants peddle

18 their "all natural" products at various events like the "Natural Products Expo West Foods Show" in

19 Anaheim, California; the "Fancy Food Show" in San Francisco, California; and the "Kehe Holiday

20 Show"    in    Chicago,    Illinois.    https://www.facebook.com/pages/Marie-Callenders-Gourmet-

21 Products/365051958737?id=365051958737&sk=events.

22       30.    Throughout the class period, Defendants engaged in the unfair, unlawful, deceptive,

23 and fraudulent practice of describing and falsely advertising the Products listed heretofore in this

24 Complaint as "all natural" when, in fact, they contain the synthetic chemical ingredient identified

25 below. Specifically, these Products contain, or contained at the time Representative Plaintiff

26 purchased them, one or more non-natural, highly processed ingredients such as Sodium Acid

27 Pyrophosphate.

28 ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief, and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**SODIUM ACID PYROPHOSPHATE**

31.    Sodium Acid Pyrophosphate (hereinafter referred to as "SAPP"), an odorless white powder, also referred to as disodium dihydrogen pyrophosphate and/or disodium pyrophosphate, has various applications—from its use in leather treatment to remove iron stains on hides during processing, to stabilizing hydrogen peroxide solutions against reduction, to facilitating hair removal in hog slaughter, to feather removal from birds in poultry slaughter, to its use in petroleum production.

32.    Defendants use SAPP in their All Natural Products that they sell to consumers, and label the resultant Products "all natural." Not only is SAPP a synthetic product, but excessive use can lead to imbalanced levels of minerals in the body and bone loss.

33.    The Products at issue herein are labeled "all natural," yet contain the non-natural ingredient listed above.

**DEFENDANTS' STRATEGY TO APPEAL TO HEALTH CONSCIOUS CONSUMERS**

34.    Defendants engaged in this fraudulent advertising and marketing scheme because they knew that their target market values "all natural" food products and will pay more for these items due to the association consumers make between "all natural" food products and a wholesome way of life, the perceived higher quality, health and safety benefits of the products, and/or low impact on the environment.

35.    As such, Defendants' "all natural" labeling is central to their marketing of the Products and part of their overall strategy to capture the rapidly expanding natural foods market. As a result, Defendants' Products command a premium price, using "all natural" claims to distinguish them from their competitors' food products.

36.    As Defendants undoubtedly know, many American consumers are health conscious and seek out wholesome, natural foods to keep a healthy diet. Because of this, consumers routinely take nutrition information into consideration in selecting and purchasing food items.

37.    Consumers also value "all natural" ingredients for myriad other reasons, including perceived benefits of avoiding disease, helping the environment, assisting local farmers, assisting

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

factory workers who would otherwise be exposed to synthetic and hazardous substances, and financially supporting the companies that share these values.

38.     Product package labels, including nutrition labels, are vehicles that convey nutrition information to consumers which they can and do use to make purchasing decisions. As noted by Food and Drug Administration Commissioner Dr. Margaret Hamburg during the FDA's Media Briefing on Front-of-Pack labeling on October 20, 2009, "[s]tudies show that consumers trust and believe the nutrition facts information and that many consumers use it to help them build a healthy diet." http://www.fda.gov/downloads/NewsEvents/Newsroom/MediaTranscripts/UCM187809.pdf.

39.     The prevalence of claims about nutritional content on food packaging in the United States has increased in recent years as manufacturers have sought to provide consumers with nutrition information and thereby influence their purchasing decisions. Indeed, a substantial percentage of food products sold in the United States have a health claim or a qualified health claim on the food package, and even more have nutrient content claims on their packaging.

40.     Consumers attribute a wide range of benefits to foods made entirely of natural ingredients. Consumers perceive "all natural" foods to be higher quality, healthier, safer to eat and less damaging to the environment.

41.     Catering to consumers' tastes for natural foods is tremendously advantageous for businesses. In 2008, foods labeled with the word "natural" produced $22.3 billion in sales, a 10% increase from 2007, and a 37% increase from 2004. http://www.nielsen.com/us/en/newswire/2009/â œnaturalâ    -beats-â œorganicâ    -in-food-sales-according-to-nielsenâ ™s-healthy-eating-report.html. In 2009, sales increased again with products labeled "natural" producing $22.8 billion in sales. http://www.nielsen.com/us/en/newswire/2010/healthy-eating-trends-pt-1-commitment-trumps-the-economic-pinch.html.

42.     It was in an effort to capture the growing demand and to entice consumers to purchase its Products that Defendants committed the unlawful acts detailed in this Complaint.

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

43.     Consumers lack the ability to test or independently ascertain the accuracy of a food product label, especially at the point of sale. Reasonable consumers must and do rely on the company to honestly report the nature of a food product's ingredients.

44.     Moreover, not having the specialized food chemistry and regulatory knowledge necessary to make independent determinations thereof, a reasonable consumer would interpret the fine print ingredient label in a way to be consistent with the front label representation.

45.     Defendants intend for consumers to rely upon their Products' labels, and reasonable consumers do, in fact, so rely. Those labels are the only available source of information consumers can use to make decisions on whether to buy "all natural" food products.

46.     As a result of its false and misleading labeling, Defendants were able to sell their Products to thousands, if not hundreds of thousands, of consumers throughout the United States and to profit handsomely from these transactions.

## DEFINITION OF "ALL NATURAL"

47.     Representing that a food product or ingredient is "all natural" is a statement of fact, and this term has been defined by federal governmental agencies that regulate food companies such as Defendants.

48.     Merriam Webster Dictionary defines the terms as follows:

- "all" means "the whole amount" and "nothing but"
- "natural" means "existing in nature and not made or caused by people" and "not having any extra substances or chemicals added: not containing anything artificial"

http://www.merriam-webster.com/dictionary.

49.     A reasonable consumer would rely on the definitions in the preceding paragraph in making food purchasing decisions.

50.     Specifically, the FDA has established a policy and defined the outer boundaries of the use of the term "natural." According to this agency, at the very least, a product is not "natural" if it contains color, artificial flavors, or synthetic substances. *See* www.fda.gov/downloads/ForConsumers/ConsumerUpdates/UCM199361.pdf.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

51.     Pursuant to 7 C.F.R. § 205.2, an ingredient is synthetic if it is:

[a] substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes.

52.     Similarly, the USDA's Food Safety and Inspection Service ("FSIS") defines a "natural" product as a product that does not contain any artificial or synthetic ingredient and does not contain any ingredient that is more than "minimally processed":

Minimal processing may include: (a) those traditional processes used to make food edible or to preserve it or to make it safe for human consumption, e.g., smoking, roasting, freezing, drying, and fermenting, or (b) those physical processes which do not fundamentally alter the raw product and/or which only separate a whole, intact food into component parts, e.g., grinding meat, separating eggs into albumen and yolk, and pressing fruits to produce juices.

Relatively severe processes, e.g., solvent extraction, acid hydrolysis, and chemical bleaching would clearly be considered more than minimal processing. . . .

*See* USDA FSIS, Food Standards and Labeling Policy Book, available at www.fsis.usda.gov/OPPDE/larc/Policies/Labeling_Policy_Book_082005.pdf.

53.     A reasonable consumer's understanding of the term "natural" comports with these federal definitions.

54.     A reasonable consumer would also expect that Defendants' Products are what Defendants identify them as on the Product labels (i.e., that they are "all natural," with no synthetic substances).

**DEFENDANTS' MISREPRESENTATIONS**

55.     Throughout the class period, Defendants prominently and repeatedly included the phrases "all natural" on the labels of the Products at issue here, thereby cultivating a wholesome, healthful and socially conscious image in an effort to promote the sale of these Products, even though they were not "all natural."

56.     Defendants made these false, misleading, and deceptive representations by labeling them in the manner detailed in the paragraphs below, and as shown in Attachment "A" hereto. From

an advertising "best practices" perspective, Defendants make maximum use of the available space on the Products' packaging to announce the Products' alleged "all natural" character.

57.    Defendants represent the Products to consumers as "all natural." The phrases "all natural" appear on the Products' labels, along with the "Marie Callender's" logo. *See* Attachment "A" hereto.

## DEFENDANTS' KNOWLEDGE OF THE FALSITY OF ITS ADVERTISING

58.    Defendants knew what representations they made regarding the Products, insofar as all of those representations appeared on the Products' packages.

59.    Defendants also knew what ingredients were added to each Product, since they manufactured the Products and then listed all of the Product ingredients on the Product packages. *See* Attachment "A" hereto.

60.    Defendants are governed by and knew the federal regulations that control the labeling of the Products and, thus, were aware that some of the ingredients have been federally declared to be synthetic substances and/or require extensive processing to be used in food. Defendants have retained expert nutritionists, food chemists, and other scientists, and have spent much time and money in developing their own food technologies, such that they were aware that the synthetic substances used in the Products are not natural.

61.    As such, Defendants knew all the facts demonstrating that the Products contain synthetic substances and that the Products are falsely labeled, and that, by their website's further false statements, consumers would rely on these misrepresentations to their detriment.

62.    The misrepresentations and omissions were uniform and were communicated to Representative Plaintiff and to each member of each class at every point of purchase and consumption.

63.    Since Representative Plaintiff and the members of the classes are not at fault for failing to discover Defendants' wrongs before now and, thus, had no actual or presumptive knowledge of facts sufficient to put them on inquiry, and since, to this day, Defendants have concealed and suppressed the true characteristics of the Products, Defendants' continuing concealment tolls the applicable statute of limitations.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## RELIANCE ON DEFENDANTS' FALSE REPRESENTATIONS

64.     Consumers frequently rely on food label representations and information in making purchase decisions.

65.     Each time Representative Plaintiff and the class members purchased the All Natural Products, Representative Plaintiff and the class members saw the Products' packages and, thus, also saw the false, misleading, and deceptive representations detailed above, yet did not receive disclosure of the facts concealed as detailed above.

66.     Representative Plaintiff and the class members were among the intended recipients of Defendants' deceptive representations and omissions.

67.     Representative Plaintiff and the class members reasonably relied to their detriment on Defendants' misleading representations and omissions.

68.     Defendants' false, misleading, and deceptive misrepresentations and omissions were intended to deceive and mislead, and are likely to continue to deceive and mislead, Representative Plaintiff, class members, reasonable consumers, and the general public.

69.     Defendants' deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions. As such, Representative Plaintiff's and class members' reliance upon such representations and omissions may be presumed as a matter of law. The materiality of those representations and omissions also establishes causation between Defendants' conduct and the injuries sustained by Representative Plaintiff and members of both classes.

70.     As a direct and proximate result of Defendants' unfair and wrongful conduct, as set forth herein, Representative Plaintiff and class members (1) were misled into purchasing the Products, (2) received a product that failed to meet their reasonable expectations and Defendants' promises, (3) paid a sum (indeed, a premium sum) of money for a product that was not as represented and, thus, were deprived of the benefit of the bargain because the purchased Products had less value than what was represented by Defendants, (4) ingested a substance that was other than what was represented by Defendants and that Representative Plaintiff and class members did not expect or give informed consent to, (5) ingested a product that did not bring about the health benefits

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Defendants promised, and which may be harmful to health and, *inter alia*, (6) were forced to unwittingly support a company that contributes to environmental, ecological, or health damage and denied the benefit of supporting companies that sell "all natural" foods and contribute to environmental sustainability and better health.

71.     Defendants, at all times, knew that Representative Plaintiff and class members would consider the Products' allegedly "all natural" characteristics to be material in their decision to purchase them and would rely upon the misrepresentations and/or omissions of Defendants. Defendants' concealment, misbranding and non-disclosure were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers. Representative Plaintiff's and class members' reliance and resultant substantial monetary loss were reasonably foreseeable by Defendants.

72.     This action is brought to redress and end Defendants' pattern of unfair and wrongful conduct. Indeed, without an award of damages and injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

73.     In fact, as of the date of filing this Complaint, retail stores in the United States and California are selling the Products at issue and labeled "all natural." Even if, during the pendency of this litigation, Defendants elected to remove the "all natural" labeling from the Products, Defendants are not presently enjoined from putting the "all natural" representation back on their labels at any time they so decide. Accordingly, Representative Plaintiff seeks declaratory and injunctive relief to ensure Defendants have, in fact, removed any and all of the "all natural" representations from labels on the Products still available for purchase, and to prevent Defendants from making the "all natural" representation on the Product labels in the future as long as the Products continue to contain synthetic ingredients.

**FIRST CLAIM FOR RELIEF**
**Deceptive Advertising Practices**
**(California Business & Professions Code §§ 17500, *et seq*.)**
**(*for the California Class Only*)**

74.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

75. California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

76. Defendants violated California Business & Professions Code § 17500 when they represented, through their false and misleading advertising, and other express representations, that Defendants' All Natural Products possessed characteristics and a value that they did not actually have.

77. Defendants' deceptive practices were specifically designed to induce Representative Plaintiff and members of the California class to purchase the Products. Defendants engaged in broad-based marketing efforts to reach Representative Plaintiff and California class members and to induce them to purchase these Products. Defendants were successful in masking their dishonesty insofar as they did induce Representative Plaintiff and members of the California class to unwittingly purchase the Products.

78. Representative Plaintiff and members of the California class would not have purchased and consumed the Products had it not been for Defendants' misrepresentations of material facts. Representative Plaintiff and members of the California class were denied the benefit of the bargain when they decided to purchase the Products over competitor products (which are less expensive, actually contain "all natural" ingredients and/or do not unlawfully claim to be "all natural"). Had Representative Plaintiff and members of the California class been aware of these false and misleading advertising tactics, they would have paid less than what they did pay for these Products, or they would not have purchased the Products at all.

79. The above acts of Defendants, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Representative Plaintiff and members of the California class, were and are likely to deceive reasonable consumers by obfuscating the nature of the ingredients of the All Natural Products, all in violation of California Business and Professions Code § 17500, *et seq.*

80. In making and disseminating the statements alleged herein, Defendants knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code § 17500, *et seq.*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

81.     To this day, Defendants continue to engage in unlawful, unfair and deceptive practices in violation of California Business & Professions Code § 17500. Specifically, Defendants continue to use advertising on their packaging and on their website that is deceptive to induce consumers to purchase the All Natural Products.

82.     As a direct and proximate result of Defendants' unlawful conduct in violation of California Business & Professions Code § 17500, Representative Plaintiff and members of the California class, pursuant to California Business and Professions Code § 17535, are entitled to an Order of this Court enjoining such future wrongful conduct on the part of Defendants, and requiring Defendants to fully disclose the true nature of their misrepresentations.

83.     Additionally, Representative Plaintiff and members of the California class request an Order requiring Defendants to disgorge their ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendants by means of such acts of false advertising, plus interest and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**Consumers Legal Remedies Act**
**(California Civil Code § 1750, *et seq.*)**
***(for the California Class Only)***

84.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

85.     Representative Plaintiff brings this action pursuant to California's Consumer Legal Remedies Act ("CLRA"); California Civil Code § 1750, *et seq.*

86.     The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

87.     The All Natural Products are "goods," as defined by the CLRA in California Civil Code § 1761(a).

88.     Each Defendant is a "person," as defined by the CLRA in California Civil Code § 1761(c).

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

89.    Representative Plaintiff and members of the California class are "consumers," as defined by the CLRA in California Civil Code § 1761(d).

90.    Purchases of the All Natural Products by Representative Plaintiff and members of the California class are "transactions," as defined by California Civil Code § 1761(e).

91.    Defendants engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the All Natural Products when, in fact, these Products contain one or more artificial man-made ingredients (i.e., that do not occur in nature).

92.    Representing that the Products had/has characteristics, uses and/or benefits which they did/do not have, and representing that these Products were and are of a particular standard, quality, or grade, when they were, in fact, of another standard, quality and/or grade, constituted and continues to constitute an unfair or deceptive trade practice under the provisions of California Civil Code §§ 1770(a)(5) and 1770(a)(7).

93.    Defendants violated the CLRA by representing and advertising that these Products, as discussed above, were "all natural." Defendants knew, however, that this was not the case and that, in reality, these Products contained one or more synthetic chemical preservatives.

94.    Representative Plaintiff and members of the California class reasonably and justifiably relied on Defendants' misrepresentations in purchasing these misbranded Products. Had the Products been honestly advertised and labeled, Representative Plaintiff and members of the California class would not have purchased them and/or would have paid less than what they did pay for these Products.

95.    Representative Plaintiff and members of the California class were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the Products and/or purchased them at the prices at which they were offered.

96.    Representative Plaintiff and the members of the California class have been directly and proximately injured by Defendants' conduct. Such injury may, but does not necessarily include and is not limited to, the purchase of the Products and/or the purchase of the Products at the prices at which they were offered.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

97.    Insofar as Defendants' conduct violated California Civil Code § 1770(a)(5), Representative Plaintiff and members of the California class are entitled to (pursuant to California Civil Code § 1780, *et seq*.) and do seek injunctive relief to end Defendants' violations of the California Consumers Legal Remedies Act.

98.    Moreover, Defendants' conduct is malicious, fraudulent, and wanton. Defendants intentionally mislead and withhold material information from consumers to increase the sale of their Products.

99.    Pursuant to California Civil Code § 1782(a), Representative Plaintiff on his own behalf, and on behalf of members of the California class, have notified Defendants of the alleged violations of the Consumer Legal Remedies Act. If, after 30 days from the date of the notification letter, Defendants have failed to provide appropriate relief for the violations, Representative Plaintiff will amend this Complaint to seek compensatory, monetary and punitive damages, in addition to equitable and injunctive relief, and will further request that this Court enter such Orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as provided in California Civil Code § 1780 and the Prayer for Relief.

## <u>THIRD CLAIM FOR RELIEF</u>
### Common Law Fraud
### (*for the California and Nationwide Classes*)

100.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

101.    Defendants willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the Products. These misrepresentations are contained in various media advertising and packaging disseminated or caused to be disseminated by Defendants, and such misrepresentations were reiterated and disseminated by officers, agents, representatives, servants, or employees of Defendants, acting within the scope of their authority, and employed by Defendants to merchandise and market the Products.

*///*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

102.   Defendants' misrepresentations were the type of misrepresentations that are material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions).

103.   Defendants knew that the misrepresentations alleged herein were false at the time they made them and/or acted recklessly in making such misrepresentations.

104.   Defendants intended that Representative Plaintiff and members of both classes rely on the misrepresentations alleged herein and purchase the Products.

105.   Representative Plaintiff and members of both classes reasonably and justifiably relied on Defendants' misrepresentations when purchasing the Products, were unaware of the existence of facts that Defendants suppressed and failed to disclose, and, had the facts been known, would not have purchased the Products and/or purchased them at the prices at which they were offered.

106.   As a direct and proximate result of Defendants' wrongful conduct, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not necessarily limited to, the monies paid to Defendants, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

107.   Moreover, in that, at all times herein mentioned, Defendants intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiff and members of both classes, and because Defendants were guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiff and members of both classes are entitled to an award of exemplary or punitive damages against Defendants in an amount adequate to deter such conduct in the future.

## FOURTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### (*for the California and Nationwide Classes*)

108.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

109.   Defendants, directly or through its agents and employees, made false representations to Representative Plaintiff and members of both classes.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

110.   Defendants owed a duty to Representative Plaintiff and members of both classes to disclose the material facts set forth above about the Products.

111.   In making the representations, and in doing the acts alleged above, Defendants acted without any reasonable grounds for believing the representations were true, and intended by said representations to induce the reliance of Representative Plaintiff and members of both classes.

112.   Representative Plaintiff and members of both classes reasonably and justifiably relied on Defendants' misrepresentations when purchasing the All Natural Products, were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the Products and/or purchased them at the price at which they were offered.

113.   As a direct and proximate result of these misrepresentations, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the All Natural Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
**Breach of Express Warranty**
***(for the California Class Only)***

114.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

115.   By advertising and selling the Products at issue here as "all natural," Defendants made promises and affirmations of fact on these Products' packaging, and through its marketing and advertising, as described above. This marketing and advertising constitutes express warranties and became part of the basis of the bargain between Representative Plaintiff and members of the California class, on the one hand, and Defendants, on the other.

116.   Defendants purport, through their advertising, to create express warranties of the Products at issue here as "all natural" by making the affirmation of fact, and promising that these Products were and are "all natural."

///

117. Despite express warranties about the "all natural" character of these Products, the All Natural Products contain one or more synthetic chemical ingredients, as discussed above.

118. Defendants breached express warranties about these Products and their qualities because these Products do not conform to Defendants' affirmations and promises to be "all natural."

119. As a direct and proximate result of Defendants' breach of express warranty, Representative Plaintiff and members of the California class were harmed in the amount of the purchase price they paid for these Products. Moreover, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the All Natural Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### Breach of Contract
### (*for the California and Nationwide Classes*)

120. Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

121. Representative Plaintiff and members of both classes had a valid contract, supported by sufficient consideration, pursuant to which Defendants were obligated to provide food products which were, in fact, "all natural," as represented by Defendants.

122. Defendants materially breached their contract with Representative Plaintiff and members of both classes by providing the Products which were not "all natural."

123. As a result of Defendants' breach, Representative Plaintiff and members of both classes were damaged in that they received a product with less value than the amount paid. Moreover, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the All Natural Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**SEVENTH CLAIM FOR RELIEF**
**Unfair Business Practices**
**(California Business & Professions Code §§ 17200-17208)**
**(*for the California Class Only*)**

124.    Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

125.    Representative Plaintiff brings this claim seeking equitable and injunctive relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

126.    Defendants' knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208. Representative Plaintiff also asserts a violation of public policy by Defendants by withholding material facts from consumers.

127.    Defendants' conduct was and continued to be fraudulent, because directly or through their agents and employees, Defendants made false representations to Representative Plaintiff and members of the California class that were likely to deceive them. These false representations (i.e., the labeling of the Products as "all natural") are and were likely to deceive reasonable California purchasers, such as the Representative Plaintiff and members of the California class, into purchasing the Products.

128.    There were reasonable alternatives available to Defendants to further Defendants' legitimate business interests, other than the conduct described herein.

129.    Defendants' misrepresentations of material facts, as set forth herein, also constitute an "unlawful" practice because they, *inter alia*, violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711 and 1770, as well as the common law. Further, Defendants' misrepresentations violate California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law") which provides that "[a]ny food is misbranded if its labeling is false or misleading in any particular." California Health and Safety code, Division 104, Part 5, Article 6 § 110660.

130.    Finally, Defendants' conduct violated the FDA's policy concerning what is "natural," as set forth throughout this Complaint, although Representative Plaintiff does not

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

seek to enforce any of the state law claims raised herein so as to impose any standard of conduct that exceeds that which would violate the FDA policy concerning, or definitions of what is "natural."

131.   Defendants' conduct in making the representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors. This conduct engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

132.   In addition, Defendants' conduct was, and continues to be, unfair, in that its injury to countless purchasers of the Products is substantial, and is not outweighed by any countervailing benefits to consumers or to competitors.

133.   Moreover, Representative Plaintiff and members of the California class could not have reasonably avoided such injury, given that Defendants failed to disclose the Products' true characteristics at any point. Representative Plaintiff and members of the California class purchased the Products in reliance on the representations made by Defendants, as alleged herein.

134.   Representative Plaintiff and members of the California class have been directly and proximately injured by Defendants' conduct in ways including, but not necessarily limited to, the monies paid to Defendants for Products that lack the characteristics advertised, interest lost on those monies, and their unwitting support of a business enterprise that promotes deception and undue greed to the detriment of health- and environmentally-conscious consumers.

135.   As a result of the business acts and practices described above, Representative Plaintiff and members of the California class, pursuant to California Business and Professions Code § 17203, are entitled to an Order enjoining such future wrongful conduct on the part of Defendants and such other Orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the All Natural Products as a result of the wrongful conduct of Defendants.

136.   Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and members of the

California class herein alleged, as incidental to their business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by their responsible competitors and as set forth in legislation and the judicial record.

**EIGHTH CLAIM FOR RELIEF**
**Quasi-Contract/Unjust Enrichment**
***(for the California and Nationwide Classes)***

137.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

138.    As alleged herein, Defendants intentionally and/or recklessly made false representations to Representative Plaintiff and members of both classes to induce them to purchase the Products. Representative Plaintiff and members of both classes reasonably relied on these false representations when purchasing the Products.

139.    Representative Plaintiff and members of both classes did not receive all of the benefits promised by Defendants, and paid more to Defendants for the Products than they otherwise would and/or should have paid.

140.    Defendants' conduct in enticing Representative Plaintiff and members of both classes to purchase Defendants' Products through Defendants' false and misleading packaging, as described in this Complaint, is unlawful because the statements contained on the Product labels are untrue. Defendants took monies from Representative Plaintiff and members of both classes for Products promised to be "all natural," even though the Products were not "all natural" as detailed in this Complaint. Defendants have been unjustly enriched at the expense of Representative Plaintiff and members of both classes as a result of the unlawful conduct alleged herein, thereby creating a quasi-contractual obligation on Defendants to restore these ill-gotten gains to Representative Plaintiff and members of both classes.

141.    It would be inequitable and unconscionable for Defendants to retain the profit, benefit and/or other compensation they obtained from their deceptive, misleading, and unlawful conduct alleged herein.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

142. As a direct and proximate result of Defendants' unjust enrichment, Representative Plaintiff and members of both classes are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiff,** on behalf of himself and each of the proposed **Plaintiff classes**, prays for judgment and the following specific relief against **Defendants**, as follows:

1. That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23(b)1, (b)(2) and/or (b)(3);

2. That Defendants are found to have violated California Business & Professions Code § 17200, *et seq.*, § 17500, *et seq.*, and California Civil Code § 1750, *et seq.*, and § 1790, *et seq.*, as to the Representative Plaintiff and class members;

3. That Defendants be found to have breached their contracts with Representative Plaintiff and members of both classes;

4. That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in further violation of California Business and Professions Code § 17200, *et seq.*;

5. For a preliminary and permanent injunction enjoining Defendants from advertising, representing, or otherwise holding out for sale within the United States of America, any products which contain Sodium Acid Pyrophosphate (also known as disodium dihydrogen pyrophosphate) as being "all natural";

6. For an Order requiring Defendants to provide a form of corrective advertising to correct the misrepresentations, misstatements and omissions made in the marketing, advertising, packaging and other promotional materials related to its All Natural Products;

7. For an award of restitution and disgorgement of Defendants' excessive and ill-gotten revenues to Representative Plaintiff and members of the California class;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

8.      For an Order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Defendants as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein;

9.      For an award to Representative Plaintiff and to members of both classes of compensatory damages in an amount to be proven at trial;

10.     For an award of pre- and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

11.     For an award to Representative Plaintiff and to members of both classes of punitive and/or exemplary damages;

12.     For an award of reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 1021.5 and/or California Civil Code §§ 1780(d) and 1794(d);

13.     For costs of suit and any and all other such relief as the Court deems just and proper; and

14.     For all other Orders, findings and determinations identified and sought in this Complaint.

## JURY DEMAND

Representative Plaintiff and members of each of the classes hereby demand trial by jury on all issues triable of right by jury.

Dated: May 1, 2014                          **SCOTT COLE & ASSOCIATES, APC**


                                            By:   /s/ Molly A. DeSario
                                                  Molly A. DeSario, Esq.
                                                  Attorneys for Representative Plaintiff
                                                  and the Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800