UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MUSGRAVE,<br><br>        Plaintiff,<br><br>    v.<br><br>ICC/MARIE CALLENDER'S GOURMET PRODUCTS DIVISION,<br><br>        Defendant. | Case No.  14-cv-02006-JST<br><br>**ORDER TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION, VACATING MOTION HEARING, AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE** |

Plaintiff Edward Musgrave states in his complaint that "[j]urisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. § 1331 (controversy arising under United States law)." ECF No. 28 ¶ 6.

Notwithstanding Plaintiff's invocation of 28 U.S.C. § 1331, the complaint does not bring any federal cause of action. As for diversity jurisdiction, nowhere in the complaint does Plaintiff allege that the parties are diverse in citizenship or that the amount in controversy requirement is satisfied. The complaint states that Plaintiff is a "resident of Concord, California" and that Defendant "is a California Corporation with its principal executive offices located in San Jose, California." ECF No. 28 ¶¶ 8, 18. Plaintiff also fails to demonstrate that the amount in controversy requirement is satisfied. Indeed, he mentions the requirement nowhere in his complaint.

"[F]ederal courts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'" Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). "[T]he party asserting federal subject matter jurisdiction bears the burden of proving its existence." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

Therefore, Plaintiff is hereby ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff is ordered to file a written response no later than fourteen days from the date of this order. Defendant may, but is not required to, file any response to this order by that same date.

The Court hereby VACATES the hearing on Defendant's Motion to Dismiss Plaintiff's Complaint and Motion to Strike and DENIES the motion and the parties' associated requests for judicial notice without prejudice. ECF No. 25, 30, 39. If it appears that the Court has jurisdiction over this action, the Court will so advise the parties, and Defendant may then re-notice the matter for hearing. The Court will then decide the motion on the currently filed papers.

**IT IS SO ORDERED.**

Dated: November 3, 2014

_____
JON S. TIGAR
United States District Judge