1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD MUSGRAVE,

Plaintiff,

v.

ICC/MARIE CALLENDER'S GOURMET
PRODUCTS DIVISION,

Defendant.

Case No.  14-cv-02006-JST

**ORDER VACATING ORDER TO SHOW CAUSE**

Re: ECF No. 45

On November 3, 2014, this Court issued an Order to Show Cause Why the Complaint Should Not Be Dismissed for Lack of Subject Matter Jurisdiction.  ECF No. 45.  The Court noted that notwithstanding Plaintiff's invocation of 28 U.S.C. §§ 1331 and 1332, he does not bring any federal cause of action or allege either that the parties are diverse in citizenship or that the amount in controversy requirement is satisfied.  Id.  Mindful of the federal courts' "continuing independent obligation to determine whether subject-matter jurisdiction exists," this Court issued the Order to Show Cause and required Plaintiff Musgrave to file a response within fourteen days. Id. (quoting Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 n.12 (9th Cir. 2012)).

Musgrave filed his response on November 17, 2014.  In this response, Musgrave no longer asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. He further acknowledges that he initially pled diversity jurisdiction based on the fact that he is a citizen of California and ConAgra Foods RDM, Inc. is a citizen of Nebraska, and that ConAgra has since been dismissed from the case.  ECF No. 46 at 3.  Nevertheless, he asserts that the Court has jurisdiction in this case under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), because (1) the aggregate amount of all class members' claims exceeds $5,000,000; (2) the national class of

United States District Court
Northern District of California

1  persons who purchased Defendant's products comprises more than 100 members; and (3) there is

2  minimal diversity because, although Marie Callender's is based in California, the complaint

3  proposes both a California and a national class.  ECF 46 at 3-4; see also Util. Consumers' Action

4  Network v. Sprint Solutions, Inc., No. 07-cv-2231-RJB, 2008 WL 3842917, at *2 (S.D. Cal. Aug.

5  15, 2008) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).

6          Plaintiff's allegations are sufficient to establish jurisdiction under the CAFA.  First,

7  Plaintiff has established that the aggregate amount in controversy exceeds $5,000,000.  See 28

8  U.S.C. § 1332(d)(2).  An email from counsel representing Marie Callender's confirms that that

9  "[t]he sales numbers for the subject products exceeded $5,000,000 during the class period."  ECF

10  46 Ex. A.  In addition, Plaintiff seeks restitution and disgorgement, compensatory damages, and

11  punitive and/or exemplary damages.  First Amended Complaint ("FAC"), ECF No. 28 at 26.

12  Second, the Court is satisfied that the national class of persons who purchased the six baking mix

13  products at issue, which are sold by major retailers both online and in brick-and-mortar stores

14  throughout the United States, comprises more than 100 individuals.  See 28 U.S.C. §

15  1332(d)(5)(B); FAC ¶ 3; ECF No. 46 Ex. C.  Third, because the action includes a national class,

16  including persons who are not citizens of California, this is a class action in which "any member

17  of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §

18  1332(d)(2)(A).

19          Under certain circumstances, a district court may or must decline jurisdiction under §

20  1332(d)(2).  See 28 U.S.C. § 1332(d)(3)-(4).  Based upon the record established thus far, however,

21  it does not appear that the Court should decline jurisdiction pursuant to either § 1332(d)(3) or (4).

22  At this juncture, therefore, it appears that Musgrave has established that this Court has jurisdiction

23  over this action pursuant to the CAFA.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

2

1    Accordingly, the Order to Show Cause, ECF No. 45, is VACATED. Defendant may re-

2    notice the Motion to Dismiss Plaintiff's Complaint and Motion to Strike filed at ECF No. 25 for

3    hearing.  The Court will decide the Motion on the currently filed papers.

4    **IT IS SO ORDERED.**

5    Dated:  November 26, 2014

6

7    _____

     JON S. TIGAR

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3