Matthew R. Bainer, Esq. (S.B. #220972)
Molly A. DeSario, Esq. (S.B. #230763)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone:   (510) 891-9800
Facsimile:   (510) 891-7030
Email:   mbainer@scalaw.com
Email:   mdesario@scalaw.com
Web:   www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MUSGRAVE, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>ICC/MARIE CALLENDER'S GOURMET PRODUCTS DIVISION,<br><br>                    Defendant. | Case No. 3:14-cv-02006-HSG<br><br>**CLASS ACTION**<br><br>**JOINT REQUEST FOR DISMISSAL OF INDIVIDUAL CLAIMS WITH PREJUDICE AND DISMISSAL OF CLASS CLAIMS WITHOUT PREJUDICE AND [PROPOSED] ORDER** |

## I.   INTRODUCTION

The parties, plaintiff Edward Musgrave ("Plaintiff") and defendant ICC/Marie Callender's Gourmet Products Division ("Defendant"), hereby jointly request dismissal of Plaintiff's individual claims with prejudice and dismissal of the putative class claims without prejudice. Plaintiff has settled and released his individual claims against Defendant and no longer has standing to pursue the class claims herein. Because the proposed classes have not been certified and because no class members' rights are affected in that no class members will be bound by or prejudiced by the dismissal of the class claims, the Court should dismiss this case without notice.

## II.   RELEVANT PROCEDURAL HISTORY

Plaintiff filed this action on May 1, 2014. The parties conducted significant discovery and agreed to attend a mediation session before the Honorable Jack Komar (Ret.) on April 28, 2015. The case did not settle at that mediation, but the parties continued to exchange information and hold settlement negotiations over the following months. Eventually, the parties agreed to return to mediation before Judge Komar on November 5, 2015. At that second mediation session, the parties reached an agreement in principle to settle the case on an individual basis, and the parties have now executed a settlement agreement releasing all of Plaintiff's individual claims against Defendant.

## III.   ARGUMENT

The parties request that the Court dismiss Plaintiff's individual claims with prejudice pursuant to the settlement agreement and dismiss the class claims without prejudice. The settlement encompasses all of Plaintiff's claims against Defendant and does not resolve or bar any claims by any absent class member. Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Although Rule 23(e) expressly refers to certified classes, the Ninth Circuit has previously held —that is, before Rule 23(e) was amended in 2003— that the rule applies to pre-certification dismissals and compromises. *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989); *see also See Lyons v. Bank of America*, No. C 11-1232 CW, 2012 WL

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

1   5940846, at *1 (N.D. Cal. Nov. 27, 2012). However, the rule changed in 2003, as explicitly noted by

2   the Advisory Committee:

> 3   Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be -- and at times
> 4   was -- read to require court approval of settlements with putative class representatives that resolved only individual claims. *See* Manual for Complex
> 5   Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses *of a certified class* are resolved by a settlement, voluntary dismissal, or
> 6   compromise.

7   Fed. R. Civ. P., Rule 23 (Notes from 2003 Advisory Committee) (emphasis added).

8   If this Court decides to review the settlement despite the Advisory Committee's statement,

9   the Court should approve it because all of the *Diaz* factors are satisfied. In *Diaz*, the Ninth Circuit

10  stated that pre-certification approval was required "to ensure that [a settlement] is not collusive or

11  prejudicial." *Id.* In making that determination, the Ninth Circuit stated that "the district court should

12  inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if

13  they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate

14  time for class members to file other actions, because of a rapidly approaching statute of limitations,

15  and (3) any settlement or concession for class interests made by the class representative or counsel in

16  order to further his own interests." *Id.*

### A.   ABSENT CLASS MEMBERS HAVE NOT RELIED ON THESE CLASS CLAIMS

19  After a diligent search of internet sites, newspapers, and other news sources published in the

20  United States, Plaintiff's counsel asserts it is unlikely there are putative class members that are aware

21  of and have relied on Plaintiff's action in this Court. Applying the *Diaz* factors to a non-class

22  settlement in a case that initially began as a putative class action, the Court in *Houston v. Cintas*

23  *Corp.*, 2009 U.S. Dist. LEXIS 33704 (N.D. Cal. April 3, 2009) approved the settlement and

24  dismissal without notice. In the *Houston* case, the Court noted that "although there has been some

25  publicity regarding this case and articles in which some of the Plaintiffs were mentioned by name, it

26  has been minimal." *Id.* at *5. While this case has been the subject of some publicity, media attention

27  has been minimal and mostly limited to professional legal news sources that are not likely read by

1  lay consumers. Accordingly, it is highly unlikely that any absent class member has relied on this

2  case rather than pursuing an action of his or her own.

### B.  ABSENT CLASS MEMBERS WILL NOT BE PREJUDICED BY ANY RAPIDLY APPROACHING STATUTE OF LIMITATIONS

5  There is no danger that absent class members will be prejudiced by a rapidly approaching

6  statute of limitations here. The filing of a class action on both federal and state law claims tolls the

7  applicable statute of limitations for members of the putative class. *See Am. Pipe & Constr. Co. v.*

8  *Utah*, 414 U.S. 538, 553-554 (1974); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1122 (1988). The

9  statutes of limitations will resume when Plaintiff's class claims are dismissed. *See Chardon v.*

10  *Fumero Soto*, 462 U.S. 650, 661-662 (1983) (whether tolling resulting from the filing of a class

11  complaint has the effect of suspending or renewing the limitations period depends on the underlying

12  statute of limitations); *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (statute of

13  limitations resumed on plaintiff's Section 1983 claims after class certification denied).

14  Given the impossibility of calculating the actual remaining statute of limitations for each

15  putative class member's claims, courts in this Circuit have measured this factor by assessing the time

16  remaining on the statute of limitations of the original named Plaintiff's claims after tolling. In

17  *Singer*, the court determined that notice was not necessary due in part to the fact that absent class

18  members had anywhere from a one-year to a four-year tolled statute of limitations once the

19  individual claims were dismissed. *Singer v. Am. Airlines Fed. Credit Union*, 2006 U.S. Dist. LEXIS

20  82147 (N.D. Cal. Oct. 30, 2006). "Based on the tolling of the statute of limitations as to the class

21  which occurred by virtue of the filing of plaintiff's complaint, there is ample time for absent class

22  members to commence a new action should they determine that such a case had merit." *Id.* at *10.

23  Plaintiff's claims, which incorporate a claim under California's Business and Professions Code,

24  generally implicate a four-year statute of limitations. Plaintiff filed his case less than two years ago

25  in May 2014. Thus, Plaintiff would not face any impending deadlines. As in *Singer*, there is ample

26  time for class members to commence an action.

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

C.   **PLAINTIFF HAS NOT MADE ANY CONCESSION OF CLASS INTERESTS TO FURTHER HIS OWN INTERESTS**

Finally, the dismissal of the putative class claims without prejudice will not affect the rights of putative class members such that notice is necessary. Applying the *Diaz* factors to a non-class settlement in a case that initially began as a putative class action, the Court in *Houston v. Cintas Corp.*, 2009 U.S. Dist. LEXIS 33704 (N.D. Cal. April 3, 2009) approved the settlement and dismissal without notice, stating, "the parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members." *Id.* at *6. Similarly, the class claims in this case are not being dismissed with prejudice. Indeed there has been absolutely no "settlement or concession" of class interests in resolving this action on an individual basis. As in *Houston*, no notice should be required here because no concessions of the class' interests have been made.

IV.   **CONCLUSION**

The parties request that the Court dismiss this case with prejudice as to the named plaintiff and without prejudice as to all absent members of the putative class.

///

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Joint Request for Dismissal and [Proposed] Order // 3:14-cv-02006-HSG

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Dated: December 23, 2015

2                                                  SCOTT COLE & ASSOCIATES, APC

3

4

5                                          By:    /s/ Molly A. DeSario
                                                  Molly A. DeSario, Esq.
                                                  Attorneys for the Representative Plaintiff
6                                                 and the Plaintiff Classes

7  Dated: December 23, 2015

8                                                  GRAY DUFFY LLP

9

10

11                                         By:    /s/ Richard Williams
                                                  Richard M. Williams, Esq.
                                                  Nathan B. Lee, Esq.
12                                                Attorneys for Defendant
                                                  ICC/Marie Callender's Gourmet Products Division
13

14

15

16                              ~~PROPOSED~~ ORDER

17        Pursuant to the foregoing Joint Request for Dismissal, Plaintiff's individual claims are

18  dismissed with prejudice and the class claims herein are dismissed without prejudice.

19

20  **IT IS SO ORDERED.**

21

22  Dated:     12/28/2015

23                                                Honorable Haywood S. Gilliam, Jr.
                                                  United States District Judge
24

25

26

27

28

Joint Request for Dismissal and ~~[Proposed]~~ Order // 3:14-cv-02006-HSG

1

## ATTESTATION

2      In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3 document has been obtained from each of the other Signatories, which shall serve in lieu of

4 his/her/their signatures on the document.

5

6 Dated:  December 23, 2015                    **SCOTT COLE & ASSOCIATES, APC**

7

·8                                             By:  /s/ Molly A. DeSario

9                                                   Molly A. DeSario, Esq.
                                                    Attorneys for Representative Plaintiff
10                                                  and the Plaintiff Classes

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800